UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X      Case No.
KLARA CELA,

         Plaintiff,            **COMPLAINT**

    -against-

                                    **Jury Trial Demanded**

NEWYORK-PRESBYTERIAN HOSPITAL
and DELLA INFO TECH INC.,

         Defendants.
-----------------------------------------------------------X

Plaintiff Klara Cela ("Cela" or "Plaintiff") alleges against the Defendant NewYork-Presbyterian Hospital ("NYP") and Della Info Tech Inc. ("Della") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Cela brings this action against the Defendants NYP and Della pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL") to recover damages she sustained as the result of being discriminated against, and retaliated against on the basis of her pregnancy.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII pursuant to 28 U.S.C. § 1331 and 1343, because those claims arise under the laws of the United States. This Court has supplemental subject matter jurisdiction over Plaintiff's related NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367.

3.  The Court additionally has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of New York, Della is incorporated in New Jersey, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, occurred in this district.

5.  On January 31, 2022, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") (Federal Charge No. 520-2022-03281). On June 16, 2022, EEOC issued Plaintiff Notice of Right to Sue (annexed hereto as Exhibit A).

6.  Plaintiff has exhausted administrative remedies, and any and all other prerequisites to the filing of this suit have been met.

## THE PARTIES

7.  Plaintiff is a woman who is protected from unlawful discriminatory practices on the basis of her sex under Title VII, NYSHRL and NYCHRL.

8.  Plaintiff resides in Bronx County in the State of New York.

9.  Defendant NYP is a domestic not-for-profit corporation organized and existing under and by virtue of the laws of the State of New York.

10. Defendant NYP is located at 466 Lexington Avenue, 13th Floor, New York, New York 10017.

11. Defendant NYP was and is an "employer" within the meaning of Title VII, NYSHRL and NYCHRL.

12. Josie Dominguez, the program manager at School Based Health Centers New York Presbyterian Hospital Ambulatory Care Network was Plaintiff's supervisor and/or manager.

13. Josie Dominguez had the right to control the terms and conditions of Plaintiff's employment

at NYP.

14. Josie Dominguez had the authority to give directions to Plaintiff during her employment at NYP.

15. Defendant Della is a domestic for-profit corporation organized and existing under and by virtue of the laws of the State of New Jersey.

16. Defendant Della is located at 5 Independence Way, Office #26, Suite #300, Princeton, New Jersey 08540.

17. Defendant Della provides staffing solutions that include temp, temp-hire, per-diem and permanent staffing of both IT and non-IT professionals.

18. Defendant Della was and is an "employer" within the meaning of Title VII, NYSHRL and NYCHRL.

19. NYP and Della jointly controlled aspects of Plaintiff's compensation, terms, conditions, privileges of employment, and were Plaintiff's "joint employer".

<u>**STATEMENT OF FACTS**</u>

20. Plaintiff is a certified medical assistant, a certified phlebotomy technician, a certified electrocardiogram technician, who has an extensive experience in the medical field.

21. On October 6, 2021, Ramya Ramesh, a recruiter at Della, reached out to Plaintiff regarding a position of a medical assistant at NYP Columbia University Medical Center, located at 622 West 168th Street, New York, New York 10032.

22. The position offered a pay of $25.00 per hour.

23. Upon a successful completion of the 2-months probation period there was a prospect of a permanent employment by NYP, along with various benefits, such as medical, dental, family insurance; 401K; paid family leave for six months and so on.

24. For on or about October 11, 2021, Ramya Ramesh scheduled an interview for Plaintiff with Josie Dominguez, the program manager at School Based Health Centers New York Presbyterian Hospital Ambulatory Care Network.

25. On or about October 11, 2021, Josie Dominguez interviewed Plaintiff for the above-referenced position through Zoom.

26. During the interview, Plaintiff's education, work experience and skills were discussed.

27. Plaintiff was later informed by Ramya Ramesh that she was hired by NYP pending receipt of her background check results, resume, school diplomas, job referrals, recommendation letters, driver's license and other information/documents.

28. On or about October 8, 2021, Plaintiff found out that she was pregnant.

29. On or about October 12, 2021, Karl Fernandez, associate manager at Della, requested Plaintiff to appear for an appointment at Mobile Health on or about October 14, 2021 for a medical clearance as a condition of her employment at NYP.

30. During the appointment, Plaintiff's pregnancy was disclosed. The results were promptly forwarded to NYP.

31. Karthik, account manager at Della, requested Plaintiff to obtain BLS (CPR) certification and a flu shot. On October 28, 2021 and October 29, 2021, Plaintiff complied with said requests.

32. Shortly thereafter, Ramya Ramesh, Karthik and Karl Hernandez welcomed Plaintiff to Della's and NYP's teams.

33. On or about November 3, 2021, on her first day, Plaintiff worked at JFK campus, located at 99 Terrance View Avenue, Bronx, New York 10463.

34. Plaintiff worked along with Eva Osborne, the medical assistant, from 8a.m. to 4p.m.

35. Eva Osborne told Plaintiff that she was "a fast learner".

4

36. At some point, Plaintiff experienced some nausea due to her pregnancy, and disclosed her pregnancy to Eva Osborne.

37. Eva Osborne encouraged Plaintiff not to tell anyone at NYP she was pregnant, because "NYP would not hire [her]".

38. Later in the day, Plaintiff called Josie Dominguez to find out where she was supposed to work the next day.

39. Josie Dominguez advised Plaintiff to come to the same location, 99 Terrance View Avenue, Bronx, New York 10463.

40. On or about November 4, 2021, on her second day of work at NYP, Plaintiff returned to the JFK campus and worked along with Eva Osborne again from 8a.m. to 4p.m.

41. At approximately 3.30p.m., Plaintiff went to Josie Dominguez' office to inquire as to where she was going to work the next day.

42. Josie Dominguez advised Plaintiff to come to 515 West 182nd Street, New York, New York 10033.

43. On or about November 5, 2021, on her third day of work at NYP, Plaintiff worked at 515 West 182nd Street, New York, New York 10033.

44. At this location, Plaintiff worked along with Mildred Sosa, the medical assistant, from 8a.m. to 12p.m.

45. Mildred Sosa explained the rules to Plaintiff, showed her the stock room, supplies, *etc*.

46. At 4p.m. Ramya Ramesh called Plaintiff and said that one of the managers at Della wanted to speak to her.

47. A male manager (Name Currently Unknown) told Plaintiff that NYP wants to terminate her employment based on three reasons.

48. The first reason, he said, was that Plaintiff had long nails, which Plaintiff did not.

49. Plaintiff immediately offered the manager to Facetime so he could see himself that her nails were neatly cut. The manager refused.

50. Plaintiff was outraged hearing these false accusations; she hanged up the phone, and immediately called Josie Dominguez to find out the true reason why she was fired.

51. Josie Dominguez brushed off Plaintiff and advised her to speak with Della, because NYP, allegedly, was not her employer.

52. Plaintiff called back the manager at Della to find out the other purported reasons for her termination.

53. The manager informed Plaintiff that the second reason for her termination was that she was not able to work independently, even though Plaintiff received a positive feedback from the two individuals who had trained her.

54. The third reason for Plaintiff's termination was that she allegedly took the wrong blood pressure on a pediatric patient, even though Plaintiff did not work directly with patients, but only provided the computerized/paperwork assistance to the medical assistants she worked with during the training.

55. NYP terminated Plaintiff because of her pregnancy.

56. NYP employee informed Plaintiff that she saw the paperwork related to Plaintiff's physical examination (including results revealing her pregnancy) on the supervisor's desk.

57. NYP employee informed Plaintiff that she believed Plaintiff was terminated due to her pregnancy.

58. Della, through its agents and employees, aided and abetted in NYP's discriminatory practices by terminating Plaintiff's employment without giving her an opportunity to work at another

jobsite.

59. On November 5, 2021, Plaintiff received an email from Mark Peters, Director of HR & Operations at Della, indicating that "it was brought to [Della's] attention that the client (New York Presbyterian [sic]) decided to determinate [her] assignment with immediate effect (11/05/2021), due to the reasons listed below: (i) had acrylic nails not appropriate for a medical practice (ii) cannot work independently (iii) took an incorrect blood pressure on a pediatric patient.

60. NYP and Della unlawfully terminated Plaintiff in violation of Title VII, NYSHRL and NYCHRL.

61. Once NYP, through its agents and employees (Josie Dominguez), found out that Plaintiff was pregnant, she was terminated from NYP on false and pre-textual grounds.

62. Della, instead of placing Plaintiff with another employer, or rectifying the situation, adopted NYP's decision to terminate Plaintiff, which was motivated solely by her pregnancy.

63. As the result of foregoing, Plaintiff suffered and continues to suffer severe emotional damages and lost wages.

64. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional distress.

65. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

66. As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious,

Plaintiff also demands punitive damages in an amount which exceeds the jurisdictional limits of all lower Courts.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of Title VII

67. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

68. Pursuant to 42 USCS § 2000e-2(a)(1), it shall be an unlawful employment practice for an employer to discharge any individual, because of such individual's sex.

69. Under 42 USCS § 2000e (k), the terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy.

70. Pursuant to 42 USCS § 2000e (m), an unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for any employment practice, even though other factors also motivated the practice.

71. The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by lawfully terminating her employment. As a direct and proximate result of these Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### Discrimination in Violation of NYSHRL

72. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

73. The NYSHRL §296 (1) provides that it shall be an unlawful discriminatory practice for an employer because of an individual's sex, disability and familial status, to discharge from employment such individual.

74. Pursuant to NYSHRL §292 (5), the term "employer" shall include all employers within the state.

75. The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by lawfully terminating her employment. As a direct and proximate result of these Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**THIRD CAUSE OF ACTION**
**Discrimination in Violation of NYCHRL**

76. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

77. Pursuant to NYCHRL § 8-107 (1) it shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived gender, disability, of any person: (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

78. The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by lawfully terminating her employment. As a direct and proximate result of these Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

b.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  Declaring that the Defendants engaged in unlawful employment practices prohibited by the Title VII, and awarding Plaintiff a recovery for damages sustained;

d.  Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYSHRL, and awarding Plaintiff a recovery for damages sustained;

e.  Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYCHRL, and awarding Plaintiff a recovery for damages sustained;

f.  Declaring that the Defendants discriminated against and retaliated against and terminated Plaintiff on the basis of her sex, disability and familial status and awarding Plaintiff a recovery for damages sustained;

g.  Declaring that the Defendants discriminated against and retaliated against and terminated Plaintiff on the basis of her sex, disability and familial status and awarding Plaintiff a recovery for damages sustained;

h.  Awarding damages to Plaintiff, retroactive to the date of her termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

i.  Awarding Plaintiff compensatory damages for her mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

j.  An award of prejudgment and post-judgment interest;

k.  An award of punitive damages where applicable;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

m.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury.

Dated: June 17, 2022
New York, New York

Respectfully submitted,

Akin Law Group PLLC

*/s/ Olena Tatura*

_____
Olena Tatura, Esq.
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
olena@akinlaws.com
*Counsel for Plaintiff*